# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
## DISTRICT OF TENNESSEE WESTERN DIVISION

**CHURCH OF GOD IN CHRIST, INC.**
**individually, and;**

**BOARD OF DIRECTORS also known as**
**GENERAL BOARD OF CHURCH OF**
**GOD IN CHRIST, INC.**

**JONATHAN SAFFOLD, JR., individually and as**
**GENERAL COUNSEL OF CHURCH OF**                   **No: 2:25-cv-03029-MSN**
**GOD IN CHRIST, INC.**

**Plaintiffs,**

**vs.**

**MOSES TYSON, JR.**

**Defendant.**

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS'
## MOTION FOR RULE 11 SANCTIONS

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ 1

TABLE OF AUTHORITIES ......................................................................................... 2

    Cases ...................................................................................................................... 2

    Statutes and Rules ................................................................................................ 2

STATEMENT OF FACTS ........................................................................................... 3

ARGUMENT ................................................................................................................ 4

    I.      The Plaintiffs' Motion Must Be Denied Because They Lack Standing to Seek
Sanctions ............................................................................................................... 4

    II.     The Defendant's Rule 59(e) Motion Is Grounded in Established First Amendment
Doctrine and Sixth Circuit Precedent ................................................................. 5

    III.    Defendant Submitted Sworn Affidavits and Evidence in Good Faith ................... 6

    IV.    Plaintiffs' Motion Attempts to Use Rule 11 as a Weapon Against Legitimate
Advocacy ................................................................................................................ 8

CONCLUSION ............................................................................................................ 9

CERTIFICATE OF SERVICE .................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*CBS, Inc. v. Young,*
    522 F.2d 234 (6th Cir. 1975) …………………………………………………….. 5

*GenCorp, Inc. v. Am. Int'l Underwriters,*
    178 F.3d 804 (6th Cir. 1999) …………………………………………………... 5

*Nebraska Press Ass'n v. Stuart,*
    427 U.S. 539 (1976) …………………………………………………..…… 5

*Near v. Minnesota,*
    283 U.S. 697 (1931) …………………………………………..…………… 5

*Organization for a Better Austin v. Keefe,*
    402 U.S. 415 (1971) ………………………………………………………….. 5


**Statutes and Rules**

Fed. R. Civ. P. 11 ................................................................................................ 3, 4, 5

Fed. R. Civ. P. 11(b)(3) ........................................................................................... 7

Fed. R. Civ. P. 11(c)(2) ...................................................................................... 3, 4, 5

Fed. R. Civ. P. 59(e) .......................................................................................... 3, 4, 5

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 11 SANCTIONS

Defendant Moses Tyson, Jr. ("Tyson"), by and through undersigned counsel, respectfully submits this Response in Opposition to Plaintiffs' Motion for Sanctions. The motion is procedurally defective, legally unsupported, and substantively meritless. Plaintiffs' request for sanctions should be denied for multiple independent reasons.

## <u>INTRODUCTION</u>

Plaintiffs' Rule 11 motion is procedurally defective, legally unsupported, and substantively meritless. The motion fails at the threshold because Plaintiffs lack standing to seek sanctions, a defect that independently requires denial. The Plaintiffs cannot demonstrate any prejudice arising from the filing of the Rule 59(e) motion because even if the motion were properly before the Court, sanctions are unwarranted because Defendant's Rule 59(e) motion is firmly grounded in controlling First Amendment doctrine, established Sixth Circuit precedent, and sworn evidence submitted in good faith. Plaintiffs identify no misrepresentation, no improper purpose, and no conduct that Rule 11 is designed to address. Instead, they seek to punish a litigant for raising constitutional arguments and supplementing an incomplete record, which is not a permissible use of Rule 11 and is inconsistent with the caution federal courts apply when evaluating sanctions requests. The motion should be denied.

## <u>STATEMENT OF FACTS</u>

Plaintiffs filed a Rule 11 motion asserting that Defendant's Rule 59(e) motion is "frivolous" and "unsupported." The sanctions motion was filed without the necessary standing because the Defendant's Rule 59(e) motion did not delay proceedings, impose additional obligations on Plaintiffs, or cause any cognizable harm.

Plaintiffs' motion relies primarily on their disagreement with Defendant's constitutional arguments and their characterization of the supplemented affidavits submitted with the Rule 59(e) motion. Plaintiffs do not identify any misstatement of law, fabrication of evidence, improper purpose, or conduct that Rule 11 is designed to address. Instead, they seek sanctions based solely on their view that Defendant's arguments lack merit, an approach that is inconsistent with the purpose and limits of Rule 11 and that federal courts routinely reject.

## LEGAL STANDARD

Rule 11 authorizes sanctions only in the narrow circumstances where a filing is objectively unreasonable, legally frivolous, or submitted for an improper purpose. The rule is not a mechanism for penalizing losing arguments, novel legal theories, disputed factual interpretations, or constitutional challenges. Federal courts consistently emphasize that Rule 11 must be applied with caution, particularly where the challenged filing involves First Amendment issues, unsettled questions of law, or matters in which reasonable lawyers may disagree. The rule is designed to deter abusive litigation practices, not to chill legitimate advocacy or restrict access to the courts.

## ARGUMENT

I. **The Plaintiffs' Motion Must Be Denied Because They Lack Standing to Seek Sanctions**

Plaintiffs lack standing to seek sanctions under Rule 11(c)(2) because they cannot demonstrate any prejudice arising from the filing of the Rule 59(e) motion. The motion did not delay proceedings, impose additional obligations on Plaintiffs, or cause any cognizable harm. Courts routinely deny sanctions where the movant cannot show that the challenged filing caused unnecessary expense or burden. Plaintiffs' inability to identify any concrete injury further underscores that their request is not a legitimate invocation of Rule 11 but an attempt to deter

Defendant from pursuing lawful avenues of review. Because Plaintiffs lack standing to seek sanctions, their motion must be denied without reaching the merits.

## II. The Defendant's Rule 59(e) Motion Is Grounded in Established First Amendment Doctrine and Sixth Circuit Precedent

Even if Plaintiffs had standing to seek Rule 11 remedies, sanctions would still be improper because Defendant's Rule 59(e) motion rests on well-established legal principles. The motion challenges a speech-restricting injunction under controlling First Amendment doctrine, relying on Supreme Court and Sixth Circuit authority that courts routinely apply when evaluating prior restraints. Cases such as *Nebraska Press Ass'n v. Stuart, Near v. Minnesota, Organization for a Better Austin v. Keefe*, and *CBS, Inc. v. Young* form the core of modern prior-restraint jurisprudence. Invoking these authorities is not only permissible but necessary when a court order restricts speech before adjudication of falsity.

The Rule 59(e) motion also relies on the Sixth Circuit's framework for reconsideration. In *GenCorp, Inc. v. American International Underwriters*, the court recognized that reconsideration is appropriate where new evidence is presented, where the prior ruling rests on a factual premise that is now contradicted, or where revision is necessary to prevent manifest injustice. Defendant's motion fits squarely within these categories. The supplemented affidavits and documentary materials were not part of the preliminary injunction record, and they directly undermine the factual assumptions on which the injunction was based.

Nothing in Defendant's filing resembles frivolous or sanctionable conduct. The motion advances constitutional arguments supported by precedent, applies the governing standard for reconsideration, and relies on sworn evidence submitted in good faith. Rule 11 does not punish parties for raising legitimate constitutional challenges, presenting new evidence, or seeking

5

reconsideration of an interlocutory order. Plaintiffs' disagreement with the merits of the motion does not transform it into sanctionable conduct.

Federal courts apply heightened caution when evaluating sanctions requests in cases involving First Amendment rights. The Supreme Court has repeatedly emphasized that sanctions should not be imposed in a manner that chills protected expression or deters parties from raising constitutional objections to speech-restricting orders. Because Defendant's Rule 59(e) motion challenges a prior restraint and seeks to correct factual assumptions underlying a speech-restricting injunction, the Court must evaluate Plaintiffs' sanctions request with particular care. Plaintiffs' attempt to penalize a constitutional challenge only reinforces the need for judicial restraint in this context.

### III.  Defendant Submitted Sworn Affidavits and Evidence in Good Faith

Sanctions are also improper because Defendant's Rule 59(e) motion is supported by multiple sworn affidavits and documentary materials submitted in good faith. The supplemented record includes firsthand accounts from individuals directly involved in the underlying disputes, along with documents, communications, and public-record materials that were not part of the preliminary injunction record. Plaintiffs do not dispute the authenticity of these materials, the witnesses' personal knowledge, or the fact that this information was communicated to Defendant before the challenged statements were made.

Rule 11 does not authorize sanctions simply because a party submits evidence that the opposing side believes is unpersuasive or incomplete. Courts consistently hold that Rule 11 is not a vehicle for resolving factual disputes or penalizing parties for presenting evidence that contradicts an earlier record. The affidavits and materials submitted here bear directly on the factual premises underlying the preliminary injunction, including the basis for Defendant's

statements and the existence of overlapping firsthand accounts. Presenting such evidence is entirely appropriate in a Rule 59(e) motion, particularly where the injunction restricts speech and the supplemented record materially alters the factual landscape.

Plaintiffs' disagreement with the weight or significance of the evidence does not transform Defendant's filing into sanctionable conduct.

Plaintiffs do not identify a single statement in the Rule 59(e) motion that they contend is false, nor do they quote any language that allegedly misrepresents the record. Rule 11(b)(3) requires a showing that a specific factual contention lacks evidentiary support. Plaintiffs make no such showing. Their motion relies entirely on disagreement with Defendant's interpretation of the evidence, which is not a basis for sanctions.

The Rule 59(e) motion relies on sworn statements, documentary support, and established legal standards for reconsideration. Nothing in the record suggests fabrication, misrepresentation, or improper purpose. Defendant's submission of evidence to correct and supplement an incomplete record is precisely the type of advocacy that Rule 11 protects rather than punishes.

Plaintiffs' position would effectively insulate the preliminary injunction from reconsideration by threatening sanctions whenever Defendant seeks to supplement the record or challenge the factual basis for the order. Rule 11 does not permit such a result. Courts have consistently held that sanctions cannot be used to shield interlocutory orders from review or to deter parties from presenting new evidence that bears directly on the propriety of an injunction. Defendant's submission of sworn affidavits and documentary materials is precisely the type of record development that Rule 59(e) contemplates, and Plaintiffs' attempt to punish that effort is inconsistent with both the purpose of Rule 11 and the structure of federal procedure.

**IV.** **Plaintiffs' Motion Attempts to Use Rule 11 as a Weapon Against Legitimate Advocacy**

Plaintiffs' motion also fails because it seeks to use Rule 11 as a tool to punish legitimate advocacy rather than to address any conduct the rule was designed to deter. Plaintiffs do not identify a single misrepresentation of law, a single fabricated fact, or any improper purpose underlying Defendant's Rule 59(e) motion. Instead, they argue that Defendant's constitutional arguments are incorrect and that the supplemented evidence should be discounted. Rule 11 does not authorize sanctions on that basis. Courts consistently hold that Rule 11 cannot be used to penalize parties for advancing constitutional arguments, presenting new evidence, or challenging the factual or legal premises of an interlocutory order.

The Rule 59(e) motion raises issues that are both substantial and grounded in established precedent, including the constitutional limits on prior restraints and the Sixth Circuit's standards for reconsideration. Plaintiffs' attempt to characterize these arguments as sanctionable reflects a fundamental misunderstanding of Rule 11 and an improper effort to chill protected advocacy. Federal courts apply Rule 11 with particular caution where, as here, the challenged filing involves First Amendment concerns and disputed factual issues. Plaintiffs' motion disregards that caution and seeks to convert Rule 11 into a mechanism for suppressing arguments they would prefer not to confront.

Because Plaintiffs' motion is based solely on disagreement with Defendant's legal position and dissatisfaction with the supplemented record, it falls far outside the scope of Rule 11. Their attempt to weaponize the rule underscores the impropriety of the sanctions request and provides an additional reason for denial.

Even if the Court were to consider sanctions, Plaintiffs cannot satisfy the requirement that any sanction imposed be the least severe sanction adequate to deter future conduct. Plaintiffs

identify no pattern of misconduct, no history of abusive filings, and no behavior suggesting that deterrence is necessary. Defendant's Rule 59(e) motion was a single, good-faith filing grounded in precedent and supported by sworn evidence. Under these circumstances, sanctions would not only be unwarranted but impermissibly punitive, and Rule 11 does not authorize punitive measures.

## **CONCLUSION**

The Plaintiffs' Rule 11 motion is procedurally barred and substantively unfounded. Plaintiffs lack the necessary standing to seek sanctions, which alone requires denial. Even if the motion were properly before the Court, sanctions are unwarranted because Defendant's Rule 59(e) motion is firmly grounded in controlling First Amendment doctrine, established Sixth Circuit precedent, and sworn evidence submitted in good faith. Plaintiffs identify no misrepresentation, no improper purpose, and no conduct that falls within the narrow scope of Rule 11. Their motion seeks to punish legitimate advocacy and to deter a constitutional challenge to a speech-restricting injunction, which is not a permissible use of Rule 11. For these reasons, the motion for sanctions should be denied.

Respectfully Submitted,

**LENTO LAW GROUP, P.C.**

Robert S. Mactavish, Esquire
Phoenix Corporate Tower
3003 N. Central Avenue
Suite 685
Phoenix, AZ 85012
P: 575-517-6542
*Attorney for Defendant*

*And*

_/s/Robert Felts_____
Robert Felts, Esquire
TN BPR: 042052
70 N. Ocoee Street
Cleveland, TN 37311
(T) 423.322.9887
(F) 856.375.1010
(E) rfelts13@gmail.com
*Attorney for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I electronically filed the foregoing Defendant's Response in Opposition to Plaintiffs' Motion for Sanctions with the Clerk of this Court using the Court's CM/ECF system, which will send notice of filing to all counsel of record. A copy was also served via electronic mail upon all parties.

Robert S. Mactavish, Esquire
*Attorney for Defendant*